IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **ROBERT LACEY, as Secretary/Treasurer**<br>**and on behalf of and for the use of the**<br>**GRAPHIC COMMUNICATIONS**<br>**CONFERENCE OF THE**<br>**INTERNATIONAL BROTHERHOOD**<br>**OF TEAMSTERS,**<br>**an unincorporated association** | ) ) ) ) ) ) ) | SOUTHERN DISTRICT OF MISSISSIPPI<br>F I L E D<br><br>JUL − 1 2013<br><br>J. T. NOBLIN, CLERK<br>BY _____ DEPUTY |
| **and** | ) ) | |
| **GRAPHIC COMMUNICATIONS**<br>**CONFERENCE OF THE**<br>**INTERNATIONAL BROTHERHOOD**<br>**OF TEAMSTERS, an unincorporated**<br>**association, 25 Louisiana Avenue, N.W.**<br>**Washington, D.C. 20001** | ) ) ) ) ) ) ) | Civil Action No. 3:13CV414 CWR-<br>LRA |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) ) | |
| **SPACE AGE MARKETING &**<br>**PRINTING, LLC,**<br>**a Mississippi Limited Liability Company**<br>**4125 West North Side Drive**<br>**Jackson, MS 39209** | ) ) ) ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

Plaintiffs Robert Lacey, as Secretary/Treasurer and on behalf of and for the use of the

membership of the Graphic Communications Conference of the International Brotherhood of

Teamsters, and the Graphic Communications Conference of the International Brotherhood of

Teamsters, an unincorporated association, complaining of Defendant Space Age Marketing &

Printing, state as follows:

## JURISDICTION AND PARTIES

1.  This action arises under 15 U.S.C. Sections 1114, 1116, 1117, 1121, 1125(a) and (c) and this Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2.  This action also arises under the laws of the State of Mississippi including, but not limited to, Mississippi's Trademark Act, Miss. Code Ann. § 75-25-1 *et seq.*, and the common law of the State of Mississippi, and this Court has jurisdiction of these state law claims pursuant to 28 U.S.C. § 1367(a).

3.  Plaintiff Robert Lacey is a resident of the District of Columbia and the duly elected Secretary/Treasurer of the Graphic Communications Conference of the International Brotherhood of Teamsters (hereinafter "GCC"). Plaintiff Robert Lacey brings this action in his capacity as Secretary/Treasurer and on behalf of and for the use of the membership of the GCC.

4.  The GCC is an unincorporated association having its principal offices in the City of Washington, District of Columbia, and is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, as amended, 29 U.S.C. Section 152(5). It is the successor organization to the Graphic Communications International Union, (hereinafter "GCIU"), which on January 1, 2005, merged with the International Brotherhood of Teamsters to become the Graphic Communications Conference of the International Brotherhood of Teamsters.

5.  Defendant Space Age Marketing & Printing (hereinafter "Space Age Marketing"), upon information and belief, is a limited liability company, organized and existing under the laws of the State of Mississippi, with its principal place of business at 4125 West North

Side Drive, Jackson, Mississippi. Space Age Marketing is a company engaged in the printing business, including the preparation and duplication of printed products, printing, binding, finishing and distribution of such printed products.

## FACTUAL ALLEGATIONS

6.     Plaintiff GCC is the owner of and successor to a certain trade, service or collective mark adopted by it and used by it since 1983 to identify goods produced and services rendered by GCC members employed by such persons and firms licensed and authorized by the GCC, or its predecessor the GCIU, to use such mark under working conditions approved by the GCC, or its predecessor the GCIU, to distinguish such goods and services from goods produced by and services rendered by others who do not employ GCC members or under conditions not approved by the GCC, or its predecessor the GCIU. The GCC has never abandoned any of its rights to the use of such trade, service or collective mark, but, on the contrary, has diligently protected its rights. The GCC's trade, service or collective mark is known as a union label.

7.     Union labels, in almost all industries, are well known and familiar to members of the general public. They signify that the product which bears the label has been produced entirely by members of a union, working under terms and conditions negotiated between their union and their employer and embodied in a collective bargaining agreement. A union label is a valuable identification on a product because it induces potential customers who wish to purchase products produced by members of a union in the United States to ask for and purchase the product with the label rather than a competing product without the label. For this reason, many firms that order printed products specify that the

product bear a union label.  Many political candidates also specifically request a bona fide union label on their campaign literature to ensure that the product was printed in its entirety by members of a labor organization.

8.   The GCC authorizes and assigns printing establishments, which have an underlying collective bargaining agreement with a GCC local union, the use of its union label trademark when they have signed a Union Label License Agreement and agreed to abide by its terms.  The Agreement, which is signed by a company and the GCC, or its predecessor the GCIU, sets forth the terms of use of the GCC's union label and assigns to the company a Union Label and Shop Number which are to appear on all printed goods or products produced by that company under conditions in conformity with the Union Label License Agreement.

9.   Upon the merger of the GCIU with the International Brotherhood of Teamsters, the GCC replaced the GCIU Union Label with a new GCC Union Label on August 1, 2010. An accurate facsimile of the GCIU Union Label mark is attached hereto as Exhibit A. An accurate facsimile of the GCC Union Label mark is attached hereto as Exhibit B.

10.   In 2010, the GCC informed all printing establishments that had been licensed to use the GCIU Union Label that they must switch to the new GCC Union Label by August 1, 2010. By August 1, 2010, all affected establishments should have entered into a new GCC Union Label License Agreement authorizing them to use the new GCC Union Label.

11.    The GCIU Union Label mark was registered with the United States Patent and Trademark Office on June 18, 1985. A copy of the Certificate of Registration is attached hereto as Exhibit C.

12.    The new GCC Union Label mark was registered with the United States Patent and Trademark Office on September 29, 2009. A copy of the Certificate of Registration is attached hereto as Exhibit D.

13.    Space Age Marketing is not and has never been party to a collective bargaining agreement with a GCC local union.

14.    Space Age Marketing has not and never has entered into a Union Label License Agreement with the GCC giving Space Age Marketing the right to use, affix, apply, annex or reproduce the GCIU Union Label on printed goods it produces.

15.    Space Age Marketing is not authorized and has never been authorized by the GCC and does not have permission and has never had permission from the GCC to use, affix, apply, annex or reproduce the GCIU Union Label or the GCC Union Label on printed goods it produces.

16.    Since at least 2012 and continuing to date, Space Age Marketing has been affixing, applying, annexing or reproducing the GCIU Union Label onto goods it has been producing without authorization or permission to do so from the GCC.

17.    Space Age Marketing has been affixing, applying, annexing or reproducing the GCIU Union Label onto goods it has been producing with knowledge that it did not have permission from the GCC or a valid Union Label License to do so.

18.   Space Age Marketing, with intent to mislead its customers to secure printing jobs that required affixation of a union label, caused a GCIU Union Label to be affixed, applied, annexed or reproduced onto its customers' job orders who had requested a union label, even though the work on those job orders was not performed entirely by members of the GCC.

19.   By affixing, applying, annexing or reproducing a GCIU Union Label to its printed products in an unauthorized manner, Space Age Marketing has misled the public into believing that its printed products are produced by union members and/or that the GCC has authorized Space Age Marketing to affix the GCC's trademark on Space Age Marketing's printed goods and products.

## FEDERAL LAW CLAIMS

### COUNT I – TRADEMARK INFRINGEMENT

20.   Robert Lacey and the GCC reallege and incorporate by reference paragraphs 1-19 of the Complaint as though fully set forth herein.

21.   The GCC has not abandoned the trademark protection of the GCIU Union Label by changing its form to the GCC Union Label.

22.   The GCC Union Label has and continues to create the same continuing commercial impression as the GCIU Union Label.

23.   Space Age Marketing, without the consent of the GCC, has used in commerce a reproduction, counterfeit, copy or colorable imitation of the GCIU Union Label mark, owned by the GCC, in connection with the sale, distribution, offering of sale, or

advertising of goods or services which likely caused confusion, caused mistake, or deception, contrary to the provisions of 15 U.S.C. § 1114(a).

24.   Space Age Marketing, without the consent of the GCC, has used in commerce a reproduction, counterfeit, copy or colorable imitation of the GCC Union Label mark, owned by the GCC, in connection with the sale, distribution, offering of sale, or advertising of goods or services which likely caused confusion, caused mistake, or deception, contrary to the provisions of 15 U.S.C. § 1114(a).

25.   Space Age Marketing acted with knowledge of the GCC's ownership of said mark, and the conditions for use of said mark, and with knowledge that such improper and unauthorized use was and is likely to cause confusion, or to cause mistake or to deceive, and with the deliberate intention of causing confusion, or to cause mistake or to deceive.

26.   The aforesaid wrongful acts by Space Age Marketing have caused and are causing grievous and irreparable injury to the GCC and its members, damage to the trade and craft reputation of the GCC and its members, the weakening of the distinctive quality of the said mark, all of which is impossible to precisely compute.  Robert Lacey and the GCC are therefore without adequate remedy at law.

27.   Unless enjoined by this Court, said wrongful acts will continue to cause serious and irreparable injury to the GCC and its members.

## COUNT II - FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION

28.   Robert Lacey and the GCC reallege and incorporate by reference paragraphs 1–27 of the Complaint as though fully set forth herein.

29.     Space Age Marketing, without the consent of the GCC, has or caused to have affixed, applied, annexed and used, in connection with goods and services, false designations of origin and false descriptions and representations, including the aforesaid mark owned by the GCC, which has caused such goods and services to enter into commerce and with knowledge of the above-described falsity of such designation of origin, description and representation, has caused and procured the same to be transported or used in commerce, and has delivered the same to carriers to be transported or used in commerce, all contrary to the provisions of 15 U.S.C. § 1125(a).

30.     Space Age Marketing acted with knowledge of the GCC's ownership of said mark, and the conditions for use of said mark, and with knowledge that such improper and unauthorized use was and is likely to cause confusion, or to cause mistake or to deceive, and with the deliberate intention of causing confusion, or to cause mistake or to deceive.

31.     The aforesaid wrongful acts by Space Age Marketing have caused and are causing grievous and irreparable injury to the GCC and its members, damage to the trade and craft reputation of the GCC and its members, the weakening of the distinctive quality of the said GCC mark, all of which is impossible to precisely compute.  Robert Lacey and the GCC are therefore without adequate remedy at law.

32.     Unless enjoined by this Court, said wrongful acts will continue to cause serious and irreparable injury to the GCC and its members.

        WHEREFORE, Robert Lacey and the GCC pray as follows, pursuant to 15 U.S.C. Sections 1114, 1116, 1117, 1121 and 1125(a):

A. That Space Age Marketing be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

(i) without the consent of the GCC, using in commerce reproduced, counterfeit, copied or colorable imitations of the GCIU Union Label and GCC Union Label marks owned by the GCC in connection with the sale, distribution or advertising of goods and services; or

(ii) without the consent of the GCC, affixing, applying, annexing or using, or causing the affixing, applying, annexing or using, in connection with any goods or services, or any container or container for goods, the GCIU Union Label or the GCC Union Label marks owned by the GCC or causing such goods or services to enter into commerce, causing or procuring the same to be transported or used in commerce, or delivering the same to any carrier to be transported; or

(iii) in any other manner violating or infringing the rights of the GCC and its members in the GCIU Union Label or GCC Union Label marks.

B. That Space Age Marketing be ordered to file with this Court and serve upon Robert Lacey and the GCC within thirty (30) days after service upon it of said injunction, a report in writing, under oath, setting forth in detail the manner and form in which Space Age Marketing has complied with the injunction.

C. That Space Age Marketing be ordered to notify in writing each of its customers on whose printed products it has used the GCIU Union Label that it was not entitled to use such mark, and to provide copies of each such written notification to the plaintiffs.

D.  That Space Age Marketing be ordered to account to Robert Lacey and the GCC for all profits derived by Space Age Marketing by reason of the wrongful use of said mark owned by the GCC, and, upon such accounting, to pay to Robert Lacey and the GCC three times such profits, or such other damages as are found by the Court to be just, plus prejudgment interest, as set forth in 15 U.S.C. Section 1117.

E.  That Robert Lacey and the GCC be awarded their costs of suit, including reasonable attorneys' fees.

F.  That the Court awards such other and further relief as it may deem just, equitable and proper under the circumstances.

### STATE LAW CLAIMS

### COUNT III - TRADEMARK INFRINGEMENT

33.  Robert Lacey and the GCC reallege and incorporate by reference paragraphs 1- 34 as though fully set forth herein.

34.  The GCIU Union Label is duly registered by the GCC with the Secretary of the State of Mississippi in accordance with Miss. Code. Ann. § 75-25-5(a).  A copy of the Certificate of Registration is attached hereto as Exhibit E.

35.  Space Age Marketing, without the consent of the GCC, has used a reproduction, counterfeit, copy or colorable imitation of the GCIU Union Label mark, owned and registered by the GCC, in connection with the sale, distribution, offering of sale, or advertising of goods or services which likely caused confusion, caused mistake, or deception as to the source of origin of such goods or services, contrary to Section 75-25-23(a) of the Mississippi Statute.

36.     The acts herein were committed by Space Age Marketing with knowledge of the GCC's ownership of the said mark, and the conditions for use of said mark, and with knowledge that such improper and unauthorized use was and is likely to cause confusion, or to cause mistake or to deceive, and with the deliberate intention of causing confusion, or to cause mistake or to deceive.

37.     The aforesaid wrongful acts by Space Age Marketing have caused and are causing grievous and irreparable injury to the GCC and its members, damage to the trade and craft reputation of the GCC and its members, and dilution of the distinctive quality of the said mark, all of which damage is impossible of precise computation.  Robert Lacey and the GCC are therefore without adequate remedy at law.

38.     Unless enjoined by this Court, said wrongful acts will continue to cause serious and irreparable injury to the GCC and its members.

### COUNT IV - UNJUST ENRICHMENT

39.     Robert Lacey and the GCC reallege and incorporate by reference paragraphs 1 - 40 as though fully set forth herein.

40.     Space Age Marketing was unjustly enriched by using the GCIU Union Label without the consent of the GCC.

41.     Space Age Marketing profited from the sale of products at the expense of the GCC and its members by falsely representing to customers that the goods it sold containing the GCIU Union Label had been produced by members of the GCC working under a collective bargaining agreement.  It would be unconscionable and unjust to allow Space

Age Marketing to retain the profits it gained in its unauthorized use of the GCIU Union Label.

WHEREFORE, Robert Lacey and the GCC pray as follows, pursuant to Miss. Code Ann. § 75-25-1 *et seq*,, as well as the common law of the State of Mississippi:

A. That Space Age Marketing be enjoined and restrained, during the pendency of this action and permanently thereafter, from

(i) manufacturing, using, displaying or selling in any manner or for any other purpose, without the consent of the GCC, any counterfeit or imitations of said mark, owned and registered by the GCC, or its predecessor the GCIU; or

( ii )in any other manner violating or infringing the rights of the GCC and its members in said mark.

B. That Space Age Marketing be ordered to file with this Court and serve upon Plaintiffs Robert Lacey and the GCC within thirty (30) days after service upon it of said injunction, a report in writing, under oath, setting forth in detail the manner and form in which Space Age Marketing has complied with the injunction.

C. That Space Age Marketing be ordered to notify in writing each of its customers on whose printed products it has used the GCIU Union Label that it was not entitled to use such mark, and to provide copies of each such written notification to the plaintiffs.

D. That Space Age Marketing be ordered to account to plaintiffs Robert Lacey and the GCC for all profits derived by defendant by reason of the wrongful use of said mark owned by the GCC, or its predecessor GCIU and, upon such accounting, to pay to Robert Lacey and the GCC three times such profits, or such other damages as are

found by the Court to be just, as set forth in Section 75-25-27 of the Mississippi Statute.

E. That judgment be entered in favor of Robert Lacey and the GCC against defendant Space Age Marketing for compensatory damages sustained by the GCC and its members by reasons of the wrongful acts of Space Age Marketing aforesaid.

F. That Robert Lacey and the GCC be awarded their costs of suit, including reasonable attorneys' fees.

G. That the Court awards such other and further relief as it may deem just, equitable and proper under the circumstances.

Dated this 26th day of June, 2013.

Respectfully submitted,

Eugene A. Laurenzi (#103690)
Samuel Morris
GODWIN, MORRIS, LAURENZI
& BLOOMFIELD, PC
50 North Front Street, Suite 800
Memphis, Tennessee  38103
(901) 528-1702
elaurenzi@gmlblaw.com

-13-